## WELDEN et al. *against* BUCK et al.

After a witness has been examined on his *voir dire*, his interest cannot be proved by witnesses.

The 20 per cent. damages cover all expenses, &c.

ASSUMPSIT on a foreign bill of exchange, drawn in St. Kitts, in the West Indies, by one Robinson, on Weeswick & Allman, of Lancaster, England, in favor of Freeman, and indorsed by defendants. The bill was protested for non-acceptance, and the declaration was on the protest for non-acceptance.

Plea, general issue.

A witness was offered to prove the hand-writing of the drawer, and on his *voir dire* swore, that he was not interested in the event of the suit. The defendants then offered to produce certain letters, written by the witness, in which he spoke of the claim in this cause, as being his claim.

VAN NESS, J. You have chosen to rest on the oath of the witness, as to his being interested, and you must now abide by it.(1)

1) A witness is said to be examined upon a *voir dire*, when he is sworn and examined, whether he be not a party interested in the cause, as well as the person for whom he is a witness. Termes De la ley, 581. That this interest may be established, either by proof or by the examination of the witness on his *voir dire*, at the election of the party, is an ancient and well settled rule. The law gives the party his election to prove a person offered as a witness, interested, two ways; viz. either by bringing other evidence to prove it, or else by swearing the person, himself, upon a *voir dire*; but, though he may do either, he cannot have recourse to both. Parker, C. J.,

Welden et al. v. Buck et al.

The bill of exchange having been returned protested, the plaintiffs claimed one-fourth per cent. over and above the 20 per cent. damages as broker's commissions, according to the usage at London.

VAN NESS, J.   The 20 per cent. damages cover all incidental expenses.

The plaintiffs took a verdict, subject to the two following points reserved.

1. Whether, on a mere protest for non-acceptance, the 20 per cent. damages can be recovered without a protest for non-payment.

2. Whether the plaintiffs are entitled to interest on the 20 per cent. damages from the arrival of the protested bill.(2)

*Colden*, for the plaintiffs.

*Hoffman*, for the defendants.

*Queen* v. *Muscot*, 10 Mod. 193.   If you examine on *voir dire*, you cannot afterwards prove the party interested.   *Downing* v. *Townsend*, Ambler, 593; vide *Hays* v. *Butlers*, notes to Co. Lit. Lib. 2, ch. 12, sec. 235; N. 287; 1 Trial per pais, 205; et vide *post*, *Fanning* and *Brown* v. *Myers* and *Livingston*, 47; see also next case.

(2) This case was argued at bar, on the points reserved, in February Term, 1809, (4 Johns. 144,) and the court decided, that the holders had a right to commence a suit immediately, upon the protest for non-acceptance, and were not bound to present for payment after such protest.   That their right of action being thus complete and perfect, when they commenced this suit, and the bill having been remitted in the usual course of business, it followed, as a necessary consequence, that they were entitled to recover the damages with the usual interest.   *Vide etiam*, *Mason* and *Smedes* v. *Franklin*, 3 Johns. 204.   A difficulty has arisen as to the computation of these damages on account of the fluctuation of exchange.   In the case of *Hendricks* v. *Franklin*, (4 Johns. 119,) the plaintiff claimed the principal and interest with the 20 per cent. damages, and also 2 per cent. as the difference of exchange, be-

Welden et al. v. Buck et al.

tween the time of negotiating the bill, and the notice of non-payment. The court, however, held that the 20 per cent. was in lieu of all damages, and that the claim for the difference in the price of the bills, could not be supported. In the case of *Graves* v. *Dash*, in the court of errors, (12 Johns. 17,) this decision, as to the difference of exchange, was reversed. In that case the bill had been purchased below par, and on the return of the bill and protest, and at the time of notice to defendant, the rate of exchange was 15 per cent. below par. Damages, however, had been awarded in the supreme court, at the par of exchange, in conformity with the case of *Hendricks* v. *Franklin*. This judgment was reversed in the court of errors, and the rate of exchange, at the time of the return, adopted as the true rule. It is to be regretted that, upon so important a point, the reasons of the senators do not appear in the report.

For the purpose of introducing certainty in commercial operations, on the subject of damages on protested bills, statutes have been passed in many of the states regulating the per centage to be allowed. In 1819 the legislature of the state of New York enacted:—

1. That on bills drawn or negotiated, within this state, on any person in the states of Maine, New Hampshire, Vermont, Massachusetts, Rhode Island, Connecticut, New Jersey, Pennsylvania, Ohio, Delaware, Maryland, Virginia, and the district of Columbia, the rate of damages to be allowed on the protest, for non-payment, should be three per cent. on the principal sum specified in such bill.

2. If drawn upon any person in the states of North Carolina, South Carolina, Georgia, Kentucky, or Tennessee, five per cent. upon the principal sum specified in such bill.

3. If drawn upon any person in any other state or territory of the United States, or any place on or adjacent to this continent, and north of the equator, or in any British or other foreign possessions in the West Indies, or elsewhere in the western Atlantic Ocean, ten per cent. on the principal sum specified in such bill.

4. If drawn on any person, in any part or place, in Europe, ten per cent. upon the principal specified in such bill.

And by the same statute it is expressly provided that such damages shall be in lieu of interest, charges of protest, and all other charges incurred previous to and at the time of giving notice of non-payment. The holder, however, is entitled to interest upon the aggregate amount of the principal sum in the bill, and the damage thereon, from the time of notice of protest and demand of payment. Laws 1819, p. 34.

This statute, being confined to damages upon protests for non-payment, was extended, in 1828, to protests for non-acceptance. Laws 1828, p. 26.